# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| JOHNNIE LEE SIMS, | ) |
| Petitioner, | ) |
| v. | ) Case No. 1:19-cv-1313 |
| DANIEL CLARK, | ) |
| Respondent. | ) |

## ORDER & OPINION

Petitioner has filed a Petition for a Writ of Habeas Corpus (Doc. 1), purportedly under 28 U.S.C. § 2241, and a Motion for Leave to Proceed *in forma pauperis* (Doc. 2), among other motions (*see* Docs. 4-5). The Court is required to perform a merit review under 28 U.S.C. § 1915(e)(2) when a Petitioner requests to proceed *in forma pauperis*. *United States v. Durham*, 922 F.3d 845, 846 (7th Cir. 2019). Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts also requires a prompt merit review.[1] For the reasons stated below, the Court denies Petitioner's Petition without prejudice, denies as moot Petitioner's other motions, also without prejudice, and grants Attorney Greggory Walters's Motion to Withdraw as Counsel (Doc. 6).

---

[1] Pursuant to Rule 1(b), the Court, in its discretion, applies the Rules Governing Section 2254 Cases in the United States District Courts to all cases purportedly brought under Chapter 153 of Title 28 of the United States Code, including those not brought under §§ 2254 and 2255. *See Poe v. United States*, 468 F.3d 473, 477 (7th Cir. 2006) ("Rule 1(b) of these rules allows them to be applied to other habeas corpus petitions, such as [a] § 2241 petition.").

## BACKGROUND

Petitioner Johnnie Sims was convicted by a jury of unlawful possession of a weapon by a felon in violation of 720 ILCS 5/24-1.1(a). (Doc. 1-1 at 9).[2]. Petitioner appealed his conviction to the Third District of the Illinois Appellate Court, challenging the sufficiency of the evidence and arguing evidence was erroneously admitted and there was misconduct by prosecutors. (Doc. 1 at 2). The Third District affirmed (Doc. 1 at 2); Petitioner then appealed to the Illinois Supreme Court on September 5, 2019 (Doc. 1 at 3). That appeal remains pending. (Doc. 1 at 3). Additionally, Petitioner filed a petition under 735 ILCS 5/2-1401 asserting prosecutorial misconduct in several forms, which also remains pending. (Doc. 1 at 6, 8). Petitioner submitted the instant Petition on September 16, 2019 (Doc. 1 at 9). He asserts ineffective assistance of both his appellate and trial counsel with regard to evidentiary issues and witness questioning issues as well as a claim that the State presented improper jury instructions and tampered evidence.

## LEGAL STANDARD

As an initial matter, the Court notes Petitioner is currently proceeding *pro se*. Courts "construe pro se complaints liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers." *Arnett v. Webster,* 658 F.3d 742, 751 (7th Cir. 2011).

---

[2] For reasons that will become apparent, the precise circumstances behind that charge and the conduct at trial need not be stated in full to properly adjudicate the Petition

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires this Court to "promptly examine" habeas corpus petitions and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . dismiss the petition." "This rule provides district courts the power to dismiss . . . petitions that do not state a claim upon which relief can be granted." *Szemborski v. Endicott*, No. 97-3386, 1999 WL 220110, at *1 (7th Cir. Apr. 9, 1999).

The commencement and proceeding of a lawsuit without the prepayment of fees may be authorized by Courts upon the submission of an affidavit indicating "the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). "In cases governed only by section 1915, the district court is required to screen the case before granting the privilege to proceed without prepayment of fees." *United States v. Durham*, 922 F.3d 845, 846 (7th Cir. 2019). Such a case must be dismissed if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Courts "apply the same standard used for evaluating dismissals under Rule 12(b)(6) of the Federal Rules of Civil Procedure" to review under 28 U.S.C. § 1915(e)(2)(B)(ii). Arnett, 658 F.3d at 751 (7th Cir. 2011).

### DISCUSSION

Petitioner's primary problem is the section under which he purports to file. "[A] state prisoner seeking relief from a state conviction must proceed under § 2254, which 'is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . .'" *Barnes v. Baldwin*, No. 19-cv-635, 2019 WL 3975176, at *2 (S.D.

Ill. Aug. 22, 2019) (quoting *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); and citing *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000)). Petitioner—although in custody pursuant to a state conviction—has attempted to utilize 28 U.S.C. § 2241.

Sometimes, courts recharacterize petitions under these circumstances to allow consideration. Because a petition under § 2254 may have an effect on a person's ability to file subsequent § 2254 petitions, district courts generally "warn a habeas petitioner of the court's decision to recharacterize a petition, and give the petitioner a chance to withdraw it or amend it to include all potential claims." *al Ghashiyah v. Boughton*, No. 15-cv-514, 2016 WL 7116197, at *2 (W.D. Wis. Dec. 6, 2016) (citing *Castro v. United States*, 540 U.S. 375, 383 (2003); *Simpson v. Pollard*, No. 15-1319, slip op. at 2 (7th Cir. June 22, 2015)). Other times, courts simply dismiss the case without prejudice, thereby allowing the Petitioner to refile his or her claim as the proper type of petition and in the proper forum. *See Cantu v. Rains*, No. 18-cv-1139, 2018 WL 3009294, at * 1–*2 (S.D. Ill. June 15, 2018).

The Court opts to do the latter here for reasons similar to those stated in *Cantu*. As in that case, it appears Petitioner has not met § 2254's exhaustion requirements. "Before a habeas action may be heard in federal court, a petitioner is required to exhaust his available remedies in state court, or else show cause and prejudice for the failure to exhaust." *Id.* at *1 n.1 (citations omitted). Petitioner's direct appeal remains pending before the Illinois Supreme Court, and he also has a postconviction petition pending. In light of this, the Court believes judicial economy and Petitioner's time and energy are better served if this case is dismissed without

4

prejudice. Should he wish to further pursue relief, Petitioner would need to file a petition under § 2254, but he is reminded of the exhaustion requirement.

## Conclusion

Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is DENIED WITHOUT PREJUDICE because the relief he seeks cannot be provided under that section. Petitioner's motions in this case (Docs. 2, 4, and 5) are DENIED AS MOOT. Attorney Greggory Walters's Motion to Withdraw as Counsel (Doc. 6) is GRANTED for posterity of the record. This matter is CLOSED.

SO ORDERED.

Entered this 24th day of September 2019.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge
